132 So.2d 251

**Lobitha P. HELLER (Hatchett)**

v.

**Paul HELLER**

**I Div. 988.**

Supreme Court of Alabama.

June 29, 1961.

John L. Moore, Mobile, and Jas. R. Owen, Bay Minette, for appellant.

Chason & Stone, Bay Minette, for appellee.

LAWSON, Justice.

The appeal is from an interlocutory decree of the Circuit Court of Baldwin County, in Equity, overruling a demurrer "to the Bill in the nature of a Bill of Review."

The decree sought to be vacated was rendered by the Circuit Court of Baldwin County, in Equity, on August 9, 1960, in a proceeding instituted by Lobitha P. Heller against her husband, Paul Heller.

The complainant in that suit, Lobitha P. Heller, was granted a divorce on the ground of voluntary abandonment and she was

awarded the custody of the children and the sum of $200 a month for their support.

The instant bill was filed by Paul Heller against the complainant in that suit, now Lobitha P. Hatchett, to have the decree of August 9, 1960, vacated on the ground that it was procured by perjury or false swearing during the course of the litigation. It is alleged that the then Lobitha P. Heller and a witness called on her behalf both perjured themselves by falsely testifying to the effect that Paul Heller abandoned the then Lobitha P. Heller on May 11, 1959, and that said abandonment had been continuous and uninterrupted from that time until the filing of the bill for divorce.

The rule is well settled that perjury or false swearing in the course of litigation is not per se a ground of equitable interference in a judgment or decree. Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33, and cases cited.

Our recent case of Hartigan v. Hartigan, ante, p. 67, 128 So.2d 725, in no way affects the rule stated above.

The demurrer did not question the sufficiency of the bill in so far as it may seek a modification of the custody provisions of the decree of August 9, 1960, on the ground of change of circumstances and this opinion does not affect that question.

The decree of the trial court is reversed and one will be here rendered sustaining the demurrer "to the Bill in the nature of a Bill of Review." The complainant is given twenty days from the date on which the decree of this court reaches the Register of the Circuit Court of Baldwin County within which to amend his bill if he so desires.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.