283 So.2d 601

Eunice SCHMIDT

v.

Leonard H. SCHMIDT.

SC 516.

Supreme Court of Alabama.

Sept. 27, 1973.

J. M. Boozer, Anniston, for appellant.

No brief for appellee.

MERRILL, Justice.

This appeal is from a decree denying relief sought in a bill in the nature of a bill of review and dismissing the bill after a hearing. Application for rehearing was also denied.

The bill of complaint stated that complainant-appellant was a non-resident of Alabama and that respondent-appellee lived in Calhoun County, Alabama; that respondent, hereinafter referred to as the husband, filed a bill for divorce on September 21, 1971 against complainant, hereinafter referred to as the wife; that he filed an affidavit that his wife was a non-resident of Alabama and that her address was unknown and that such address could not be ascertained after reasonable effort; that in his deposition to secure the divorce the husband stated, "I can truthfully say I do not know her present residence address"; that a divorce decree was entered on December 7, 1971; that the wife received several letters from her husband during the period July, 1971 and January, 1972; that the husband committed fraud upon the court in the procuring of the divorce decree in that he did have knowledge of the wife's whereabouts; and that the fraud prevented the wife from asserting her rights in the suit for divorce. The wife received a copy of the divorce on January 3, 1972, and filed the bill of complaint in this cause on June 6, 1972.

At the hearing before the court on October 27, 1972, the only witnesses were the parties. It is undisputed that the parties had entered into a written separation agreement on February 9, 1971, in which the wife had the custody of their three children and the husband was to pay 35% of his earnings after income taxes to his wife, 15% for the support and maintenance of the children and 20% for the support and maintenance of the wife. Other property settlements were agreed to and Item 7 of the agreement provided:

"In the event either of the parties hereto should hereafter commence an action for divorce in the United States of America or in Canada, the parties hereto shall be bound by the terms of this agreement, and the parties hereto mutually agree that the terms of this agreement shall be made a part of any subsequent decree of divorce."

After the separation, the wife and children were continually on the move. In February, 1971, she was in Niagara Falls, Canada; in March, she went to Lakeland, Florida, in June, she moved to Huntsville, Alabama; shortly thereafter, she went to Findley Lake, N. Y., then to Branchport, N. Y., to Youngstown, N. Y. to Ontario, and in September, 1971, back to Youngstown, N. Y.

Most of the time the husband sent his support and maintenance checks to his wife in care of a friend, C. F. Monnen, Route 1, Branchport, N. Y. In August, the wife wrote her husband that she was moving to Gilboa, N. Y. and to continue to send her mail to C. F. Monnen. Actually, she did not move to Gilboa.

The husband testified that he sent the checks to the Monnen address until the end of December. He noticed that the checks showed they were cashed in Buffalo, Lakeland, Chattanooga and Louisville. He also testified that he had lost contact with his wife and children in September; that it was not renewed until they had some Christmas correspondence and that he did not know his wife's address from September to mid-December, 1971.

The assignments of error are:

"1. The trial court erred in overruling the Respondent's bill in the nature of a Bill of Review.

"2. The trial court erred in overruling the Respondent's application for rehearing."

Appellant's contention as to assignment 1 is stated in brief as follows:

"Alabama Equity Rule 6 provides that if a person is a non-resident, then service may be had by publication irrespective of whether his address is known. It is the contention of the appellant, Mrs. Schmidt, that this is unconstitutional in that it violates the due process clause of the United States Constitution. Service by publication should be allowed only if the non-resident cannot be found."

The husband's bill for divorce, as well as the wife's bill in the nature of a bill of review, each showed that the husband was a resident of Calhoun County, Alabama, and that the wife was a non-resident of Alabama. A proper affidavit was made to support notice by publication and the trial court did have jurisdiction of the cause. A decree pro confesso was entered on December 2, 1971, and depositions were taken on December 3. The deposition of the husband was full, covering nearly four transcript pages, and it was supported by the deposition of a friend. Also, the husband had remarried on June 1, 1972.

The only real factual question presented in this case is whether the wife's residence was unknown and could not "be ascertained after reasonable effort." Equity Rule 6(a), Service by Publication.

The final decree stated in part:

"* * * the Court is of the opinion that the Complainant is not entitled to the relief prayed for in her complaint, and,

"IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED BY THE COURT AS FOLLOWS:

"1. That the relief prayed for by complainant be, and the same is, hereby denied, and the complaint be and the same is hereby dismissed."

It is apparent that the trial court found the factual issues in favor of the husband.

■ The wife charged the husband with false swearing as to knowledge of her residence. The rule is well settled that perjury or false swearing in the course of litigation is not per se a ground of equitable interference in a judgment or decree. Heller v. Heller, 272 Ala. 429, 132 So.2d 251; Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33. Both of these cases were bills in the nature of a bill of review and sought review of decrees of divorce.

■ Our Equity Rule 6(a), Service by Publication, is a combination of § 6535, Code 1923, and old Chancery Rule 22. This court has held that compliance with the provisions of Equity Rule 6 is due process. Knabe v. Berman, 234 Ala. 433, 175 So. 354; Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820.

■ The second assignment of error is without merit. No appeal will lie from an order overruling an application for a rehearing in equity unless the order modifies the decree, Equity Rule 62, Code 1940; nor is such an order subject to review on assignments of error on appeal from the final decree, Whiteport v. Whiteport, 283 Ala. 704, 220 So.2d 891; Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797. (The Alabama Rules of Civil Procedure, 1973, do not apply to this case).

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.