BRADLEY, Judge.
The trial court refused to set aside a divorce decree on the ground of fraud upon the court. The husband appeals and we affirm.
In an uncontested divorce action the circuit court of Jefferson County divorced the parties on July 11, 1972. In an agreement incorporated into the divorce decree, the husband acknowledged his obligations and responsibilities to “the child born of this marriage” and agreed to pay the wife $25 per month as child support.
On December 15,1975 the husband filed a motion defending against the wife’s petition to increase the amount of child support. The husband contended that he was not the father of the child referred to in the 1972 divorce decree. Subsequently, on January 15,1976, the parties filed a joint petition to modify the decree to increase the husband’s child support to $125 per month.
The husband again raised the issue of paternity in a motion filed on August 24, 1979 in response to a petition to further increase child support. The trial court granted the wife’s motion for a protective order to prevent the husband from raising the paternity issue.
Finally, on August 31, 1979, the husband raised the issue of paternity and asserted that a fraud was perpetrated upon the court in the original divorce decree because the wife, at the time she brought the original divorce action, knew that the husband was not the father of the child in question. The trial court, on September 7, 1979, granted the wife an increase in child support.
The husband contends on appeal that the trial court erred in refusing to permit him to go forward with his attack on the original divorce decree based upon fraud in its procurement.
At the outset, we note that the procedure for obtaining any relief from a judgment shall be made by motion or by an independent action. Rule 60, ARCP. That is, a judgment may be attacked only by a 60(b) motion or an independent action under 60(b).
The husband contends that he has brought an independent action and that such a remedy can now be maintained, seven years after the divorce decree was rendered.
However, an independent action under Rule 60(b) must be brought within three years after entry of a judgment or one year after discovery of any fraud by the aggrieved party. See also § 6-2-3, Code of Alabama 1975. As indicated above, the husband first raised the issue of paternity on December 15, 1975 as a defense to avoid an increase in child support. Thus, the husband, at that time, if not before, knew the facts to support his claim of fraud. Clearly, an independent action under Rule 60(b) is not timely in this instance since more than three years has elapsed from the judgment and more than one year from “discovering” the facts constituting a *62 claim of fraud. Thus, the trial court did not err.
The wife has requested an attorney’s fee on appeal. We are not aware of any authority, nor is any cited, pursuant to which we may grant such a fee. Therefore, the request is denied.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.