On April 23, 1980, the defendant (appellant) filed what we determine to be an independent action under rule 60 (b), ARCP, to be relieved from the payment of child support because of an alleged fraud upon the court. Since it was filed more than four months after the judgment, it cannot be construed to be a rule 60 (b)(3) motion. *Page 1195 Brown v. Kingsbury Mortgage Co., Ala., 349 So.2d 564 (1977).
Defendant avers that the plaintiff claimed to the court that defendant was the father of plaintiff's child and that she has acknowledged to others that defendant is not the father of the child. An affidavit of plaintiff's ex boyfriend as to such acknowledgment is attached to defendant's petition. Defendant further contended that he could not be the father of the child. The second exhibit to the petition is a physician's opinion contained in a certificate that defendant has primary infertility, is sterile, and has never been able to procreate.
Plaintiff filed a motion for a summary judgment on the grounds that there is no genuine issue as to any material fact and that she is entitled to a judgment as a matter of law. Attached to her motion is her complaint for a divorce as filed on April 16, 1979, whereby she alleged, "There are no children now born of this marriage, but the Plaintiff is at this time pregnant and expecting the parties' child in late September of 1979." Along with a divorce and other relief, plaintiff sought support for the child and medical expenses. Further exhibits to her motion were the June 13, 1979, contested divorce judgment and defendant's answer whereby he admitted the above quoted averment but generally denied that he should pay such support or expenses. The divorce judgment, in providing for the child's custody, defendant's visitation privileges, and support and medical expenses, contained the following phrases as to the paternity of the unborn child: "when the minor child of these parties is born," "after the minor child of these parties reaches the age of 2 years," "the parties' unborn child," "the minor child of the parties," and "the parties' minor child."
After defendant filed a response to plaintiff's motion, the circuit court granted the summary judgment motion and the defendant appeals.
While we have been unable to locate an Alabama case in point, the cases from other jurisdictions are almost unanimous that such phrases in a judgment constitute a finding that the defendant was the father of the child and that in subsequent proceedings between them, a husband and wife are concluded by the paternity determination in the divorce judgment. 78 A.L.R.3d 825; 65 A.L.R.2d 1372. "Moreover, the question of legitimacy is res judicata between the parties, where it was alleged in the complaint for divorce that the children were the issue of the marriage between plaintiff and defendant, and the decree awarded to plaintiff the custody and care of the issue of the marriage." 27B C.J.S. Divorce § 321 (1) at 629 (1959).
Normally, therefore, these parties would be precluded from disputing the paternity of the child. However, the principles of res judicata may not be utilized to sustain certain types of fraud. We must ascertain whether the matters alleged in the defendant's independent action constitute a "fraud upon the court" under rule 60 (b).
In Brown v. Kingsbury Mortgage Co., supra, "fraud upon the court" was construed to be fraud which defiles or attempts to defile the court itself. Historically, this would constitute extrinsic or collateral fraud as distinguished from intrinsic fraud. Fraud must have been practiced in the very act of concocting, obtaining or procuring the judgment and must have been extrinsic or collateral to the matter which was tried and determined. Hooke v. Hooke, 247 Ala. 450, 25 So.2d 33 (1946).
In Heller v. Heller, 272 Ala. 429, 132 So.2d 251 (1961), the plaintiff wife averred and proved voluntary abandonment as her ground for a divorce. Her ex husband, by means of a bill in the nature of a bill of review, sought to vacate the divorce decree on the ground that the plaintiff and another witness committed perjury by swearing as to his voluntary abandonment of her. The court determined that "[t]he rule is well settled that perjury or false swearing in the course of litigation is not per se a ground of equitable interference in a judgment or decree" and held that the demurrer to the bill should have been sustained. For other domestic relations cases with similar *Page 1196 
holdings, see Schmidt v. Schmidt, 291 Ala. 543, 283 So.2d 601
(1973); and Miller v. Miller, 238 Ala. 228, 189 So. 768 (1939). This is a rule of necessity, for, without it, a rule 60 (b) motion or independent action could be filed in every case. The doctrine of res judicata still has validity, and the finality of judgments is favored.
The alleged fraud was not a "fraud upon the court." It did not vitiate the finding of paternity in the divorce judgment, which still constitutes res judicata as between the parties as against such allegations. Plaintiff was entitled to a summary judgment as a matter of law, and the trial court correctly granted her motion therefor.
We affirm.
Plaintiff has requested an award of attorney's fees for representation on appeal. An attorney's fee of $300.00 is awarded.
The foregoing opinion was prepared for this court by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of §12-18-10 (e) of the Code of Alabama 1975. His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.