The decision of the Court of Civil Appeals, 395 So.2d 60, is affirmed. However, we cannot agree with statements in the opinion which seem to suggest that under no circumstances may a judgment be set aside after the expiration of three years. As we recently held in Harrison v. Harrison, [MS. October 3, 1980] (Ala. 1980), a judgment procured by fraud on the court itself may be set aside by any court, trial or appellate, on its own motion, even after three years. See, likewise, Hartigan v.Hartigan, 272 Ala. 67, 128 So.2d 725 (1961), and Crisco v.Crisco, 294 Ala. 168, 313 So.2d 529 (1975).
Rule 60 (b), ARCP, was intended to simplify and amalgamate the various procedural devices which existed prior to the adoption of the rule, both at law and in equity, to question the validity of judgments. As the comments to the rule state:
 Rule 60 (b) retains the substance of all the devices [heretofore available], but destroys the artificial boundaries between them.
No ground for attacking judgments has been eliminated by this rule, and it specifically retains the right to bring an independent action for that purpose. As Wright and Miller put it in Federal Practice and Procedure: Civil § 2867 (1973): *Page 63 
 Though the rule puts an end to the niceties of the writs, it retains their substance. Relief is now available, either by motion or in an independent action, in any situation in which it could have been had by one of the ancient remedies.
It follows, therefore, that the three-year period mentioned in the rule was not intended to nor did it eliminate the equitable doctrine of laches as it has heretofore obtained in this area.
AFFIRMED.
All the Justices concur except FAULKNER, J., who would have denied the writ initially.