This is a child custody case.
The Department of Pensions and Security filed a petition for temporary custody of two minor children, Charles, Jr., and Archie Julian. The father of Charles filed a petition for modification of a prior divorce decree to obtain custody of that child. These petitions were consolidated for trial and the trial court, after an ore tenus hearing, awarded the department temporary custody of Archie and awarded the father custody of Charles, Jr.
The mother appeals and we affirm.
The mother first contends that the trial court erred in granting the father's petition for modification.
At the outset, we note that the trial judge who hears the evidence ore tenus is in the best position to ascertain whether there has been a change in circumstances which requires a custodial change, and he will not be reversed on appeal save for plain and palpable error and abuse of discretion. Taylor v.Taylor, Ala.Civ.App., 387 So.2d 849 (1980).
In the instant case there is ample evidence to support the trial court's decision with regard to the custody of the child, Charles. This evidence need not be set forth in detail. It is sufficient to note that the mother has, since the divorce, been twice admitted to Bryce Hospital with a diagnosis of "Schizophrenia, Paranoid Type." With these facts in mind, we cannot say that the trial court was plainly wrong in finding that there had been a change in circumstances or that he abused his discretion by awarding custody of the child to the father.
The mother next contends that the trial court erred in sustaining objections to questions concerning the paternity of the child, Charles, Jr.
In stating his objection, counsel for the father pointed out that the issue of paternity had been judicially determined in the prior divorce proceeding. The record indicates that the divorce decree was before the trial court. Once there has been a judicial determination of paternity the parties are precluded from disputing the paternity of the child in subsequent proceedings. Stewart v. Stewart, Ala.Civ.App., 392 So.2d 1194
(1980), writ. denied, Ala., 392 So.2d 1196 (1981). We find that the trial court did not err in sustaining counsel's objections.
In any event, we find that any error in this regard would have been harmless for there is ample evidence to support a finding that the petitioner was the child's father.
The mother finally contends that the trial court erred in finding Archie, the youngest child, to be a dependent child within the meaning of § 12-15-1 (10)k., Code of Ala. 1975. *Page 1027 
That Code section defines a dependent child as one whose "parents . . . are unable to discharge their responsibilities to and for the child."
In the instant case, there is evidence that the mother was involuntarily committed to Bryce Hospital. At the time of trial she had been released on a trial basis and her prognosis was listed as guarded. The Bryce staff psychiatrist recommended that she follow through with appointments at the Montgomery County Mental Health Center for medication and treatment. Stated differently, there was evidence from which the trial court could conclude that the mother had not yet recovered from her illness and that she was not yet fully capable of caring for her child.
We find no error in this regard.
In addition, we would note that the trial court awarded the department temporary custody and provided for visitation by the mother and for a subsequent administrative review of its decision. It is clear that the trial court has created an atmosphere that protects the interests of all of the parties, including the child, and one that will enable the mother to work toward regaining custody of her child.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.