Martha Collier Kirk and James Hamilton Collier were married on September 25, 1974. The parties separated on October 24, 1974. A minor child, Steve DeShawn Collier, was born to this marriage on May 12, 1975.
On November 29, 1977 Ms. Kirk and Mr. Collier were divorced by order of the Circuit Court of Calhoun County, Alabama. In reply to the petition for divorce, Mr. Collier alleged that there were no children born to the marriage "having been fathered by Defendant," and then stated that he was willing "to have a blood test or any other test that will prove that he is not the father of said Leonard Steve DeShawn Collier." Thereafter, the parties entered into an agreement whereby they agreed that Ms. Kirk was to have "the complete care, custody and control of the minor child of the marriage, . . . with no visitation rights vested to husband."
At the hearing in the present proceeding, Mr. Collier stated that he had known Ms. Kirk only two or three weeks prior to their marriage, that he and Ms. Kirk had sexual relations on one occasion, that being September 25, 1974, and that the remainder of the thirty-one days he and Ms. Kirk lived together they did not cohabit in a husband and wife relationship. Ms. Kirk stated at trial that she and Mr. Collier had sexual relations prior to their marriage.
Furthermore, Ms. Kirk stated at trial that she was receiving $177 per month in public assistance from the state of Alabama. She stated that she had three children residing with her besides the minor child in issue. According to Mr. Tommy Poe, an employee of the child support unit for the Department of Pensions and Security, $44.25 per month was the accountable portion for the support of Steve DeShawn Collier.
On August 1, 1983 the state of Alabama, on behalf of Ms. Kirk, filed a child support petition against Mr. Collier for the support of the minor child, Steve DeShawn Collier. A hearing was set pursuant to Mr. Collier's motion to dismiss for the same date as the child support hearing on October 25, 1983. At this hearing Mr. Collier's motion to dismiss was denied and an order of support was entered against Mr. Collier in the amount of $44.25 per month to begin November 1, 1983. Moreover, Mr. Collier's repeated request for a blood test was denied.
On November 2, 1983 Mr. Collier filed a motion to set aside the decree of support, arguing again that he was not the father of Steve DeShawn Collier, and again requesting blood tests to determine the paternity of said minor child. The state of Alabama responded to said motion, stating the motion should be denied, as Mr. Collier failed to show any legal or factual basis upon which said motion could be granted.
The trial judge denied the motion to set aside the child support order on November 8, 1983. Thereafter, on November 23, 1983, Mr. Collier filed his notice of appeal to this court.
Mr. Collier contends here that the trial court committed reversible error in denying his request for a blood test. We disagree.
We find our case of Stewart v. Stewart, 392 So.2d 1194
(Ala.Civ.App. 1980), cert. denied, 392 So.2d 1196 (Ala. 1981), to be dispositive of this appeal. See also Julian v. Julian,402 So.2d 1025 (Ala.Civ.App. 1981). The facts in the Stewart
case reveal that the parties were divorced and the divorce decree contained the following phrases as to the paternity of the wife's unborn child: "`when the minor child of these parties is *Page 1022 
born,' `after the minor child of these parties reaches the age of 2 years,' `the parties' unborn child,' `the minor child of the parties,' and `the parties' minor child.'"
In response to the husband's contention that he was not the father of the wife's unborn child, this court said:
 "While we have been unable to locate an Alabama case in point, the cases from other jurisdictions are almost unanimous that such phrases in a judgment constitute a finding that the defendant was the father of the child and that in subsequent proceedings between them, a husband and wife are concluded by the paternity determination in the divorce judgment. 78 A.L.R.3d 825; 65 A.L.R.2d 372. `Moreover, the question of legitimacy is res judicata between the parties, where it was alleged in the complaint for divorce that the children were the issue of the marriage between plaintiff and defendant, and the decree awarded to plaintiff the custody and care of the issue of the marriage.' 27B C.J.S. Divorce § 321 (1) at 629 (1959)."
In the case sub judice the divorce decree was based on an agreement of the parties whereby it was stipulated that the mother was to have "custody . . . of the minor child of the marriage." We conclude, therefore, that the question of paternity is res judicata as to these parties in this proceeding.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.