This is a paternity case.
In August 1981, the defendant in a paternity action was adjudicated to be the father of the plaintiff-mother's child. In November 1984, the defendant filed what we determine to be an independent action under Rule 60 (b), Alabama Rules of Civil Procedure, to set aside the prior judgment of paternity because of an alleged fraud upon the court.
The mother filed an answer to the defendant's action and sought to dismiss the independent action.
The trial court dismissed the defendant's action on the grounds of res judicata, and the defendant appeals.
The defendant contends that the trial court erred both in refusing to hear testimony from the defendant in support of his action to vacate the prior decree and in dismissing the independent action on the grounds of res judicata. We find no error requiring reversal and affirm.
The defendant contends that some thirty days prior to the filing of the independent action he learned that the mother admitted that the defendant was not the father of her child, which was in contradiction to her testimony at the original paternity hearing.
The defendant claims that the testimony of the mother at the original paternity hearing constituted fraud upon the court and, therefore, the prior paternity adjudication should be set aside.
Under Rule 60 (b), A.R.Civ.P., a prior judgment can be collaterally attacked in an independent action for "fraud upon the court." The independent action must be brought within three years after the entry of a judgment or within one year after discovery by the aggrieved party of the fraud. Waldrop v.Waldrop, 395 So.2d 60 (Ala.Civ.App. 1980).
We find that the case of Stewart v. Stewart, 392 So.2d 1194
(Ala.Civ.App. 1980), cert. denied, 392 So.2d 1196 (Ala. 1981), is clearly dispositive of this appeal.
In Stewart, paternity of the mother's child was determined in a divorce judgment. *Page 438 
The defendant-father in a post-divorce judgment proceeding contended that the mother stated to the court that the defendant was the father of her child and later acknowledged to others that the defendant was not the father of the child.
As indicated, in an independent action under Rule 60 (b), A.R.Civ.P., such as in the instant appeal, the defendant sought to set aside the earlier adjudication of paternity because of "fraud upon the court."
This court in Stewart, quoting Heller v. Heller, 272 Ala. 429,132 So.2d 251 (1961), stated that "`[t]he rule is well settled that perjury or false swearing in the course of litigation is not per se a ground of equitable interference in a judgment or decree'. . . ." Stewart, 392 So.2d at 1195.
Citing Brown v. Kingsberry Mortgage Co., 349 So.2d 564 (Ala. 1977), this court further stated that "fraud upon the court" is fraud which defiles or attempts to defile the court itself and constitutes extrinsic or collateral fraud as distinguished from intrinsic fraud. Stewart, 392 So.2d at 1195.
In affirming the trial court, this court held in Stewart that,
 "The alleged fraud was not a `fraud upon the court.' It did not vitiate the finding of paternity in the divorce judgment, which still constitutes res judicata as between the parties as against such allegations. Plaintiff was entitled to a summary judgment as a matter of law, and the trial court correctly granted her motion therefor."
Stewart, 392 So.2d at 1196.
We would further note that in Stewart paternity was established in a prior divorce action. In the instant appeal paternity was established by a prior paternity proceeding. Hence, one could conclude that the facts in the instant appeal are even more compelling for dismissal than in Stewart.
In addition, this court has stated that "[o]nce there has been a judicial determination of paternity the parties are precluded from disputing the paternity of the child in subsequent proceedings." Julian v. Julian, 402 So.2d 1025, 1026
(Ala.Civ.App. 1981).
As stated, in the present case the defendant filed an independent action and contends that he is entitled to have the prior paternity judgment set aside because of perjury or false swearing, which he contends constitutes fraud upon the court.
Clearly, in view of Stewart, we cannot say that the alleged fraud constituted "fraud upon the court." Therefore, the trial court did not err in dismissing the defendant's independent action under Rule 60 (b), A.R.Civ.P., since as in Stewart the plaintiff is entitled to prevail as a matter of law.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.