This is a post divorce case which presents new questions to this court regarding the scope and purpose of Rule 60 (b) of the Alabama Rules of Civil Procedure.
The parties were divorced by decree of June 25, 1981. The divorce decree incorporated the terms of an agreement between the parties which stipulated that the husband was not the father of the only child which had been born during the marriage.
On September 7, 1983, the husband filed a 60 (b) motion to set aside the prior adjudication of paternity, stating that he had reason to believe that he was the child's father. He also requested that the court direct that blood tests be taken so that the child's paternity could be determined.
On January 31, 1984, the trial court, after hearing oral argument by the parties' *Page 729 
counsel, granted the husband's 60 (b) motion and ordered that blood tests be taken. Approximately nine months later, after the blood tests had been taken and testimony had been presented to the court ore tenus, the trial court entered an order on October 17, 1984, in which it again granted the 60 (b) motion and, further, held that the husband was the child's father.
From this October 17, 1984 order the mother appeals. She claims first that the trial court abused its discretion in granting the husband's 60 (b) motion. Second, she argues that, if the husband's 60 (b) motion is viewed as an independent action, that action is barred by res judicata, the issue of paternity having been adjudicated in the June 25, 1981 divorce decree. We affirm as to both of these claims.
 I
The trial court has wide discretion in making a determination to grant or deny a 60 (b) motion. Shipe v. Shipe, [Ms. May 22, 1985] (Ala.Civ.App. 1985); Denton v. Sanford, 383 So.2d 847
(Ala.Civ.App. 1980). Its determination will be reversed only for an abuse of that discretion. Shipe, supra; Turner v.Turner, 462 So.2d 734, (Ala.Civ.App. 1984); Musgrove v.Musgrove, 423 So.2d 881 (Ala.Civ.App. 1982); Pittman v.Pittman, 397 So.2d 139 (Ala.Civ.App.), cert. denied,397 So.2d 142 (Ala. 1981). We find no abuse of the trial court's discretion in granting the husband's 60 (b) motion.
Rule 60 (b) sets forth six grounds for which relief from a judgment may be granted. The wife argues that the husband's motion fails to fit within any of these six categories. We disagree.
It is well established that equitable principles may be considered by the trial court in deciding whether to grant or deny a 60 (b) motion. Musgrove, supra; Sullivan v. Speedway OilCo., 352 So.2d 1383 (Ala.Civ.App. 1977). "In fact, subpart (6) of Rule 60 (b) was added to allow courts to vacate judgments when that is necessary to accomplish justice." Blackwell v.Adams, 467 So.2d 680, 683 (Ala. 1985).
Under 60 (b)(6), relief from a judgment may be granted for "any other reason justifying relief from the operation of the judgment." Relief under subpart (6) is not to be readily granted. It is available only where the movant shows that extreme hardship or injustice will result if relief from the judgment is not granted. Ex parte Baker, 459 So.2d 873 (Ala. 1984); Jenkins v. American Cast Iron Pipe Co., 454 So.2d 969
(Ala. 1984); Howell v. D.H. Holmes, Ltd., 420 So.2d 26 (Ala. 1982).
We can think of few areas in which the principles of equity and justice are more urgently needed than in the case of a child who has been bastardized by his parents' divorce agreement, which was incorporated into the divorce decree without proof. Though the child was not a party to the divorce and had no voice in the matter, the rights he would have had as the legitimate child of the husband were cut off by that decree.
This court has stated the principle that it is not "just and reasonable to hold a child a bastard unless there is no judicial escape from that conclusion." Curry v. Curry,402 So.2d 1019, 1021 (Ala.Civ.App. 1981). Accord, Henley v. Foster,220 Ala. 420, 125 So. 662 (1930). We consider it was within the trial court's discretion to consider the motion as one coming within the scope of Rule 60 (b)(6). That ground of Rule 60 (b) is particularly applicable in this case to prevent an injustice to a child as indicated by the record of the proceedings in the divorce case. In considering the motion, the trial court had before it that record and the decree disclosing that the protection of presumed legitimacy of the child born during the marriage had been removed. Such presumption was not removed upon clear and convincing evidence produced in court, but upon a stipulation or agreement of the parties. Such decree was contrary to all authority as to the legal requirements for rebutting the presumption of legitimacy of a child born during a marriage.
Our supreme court said in the case of Leonard v. Leonard,360 So.2d 710 (Ala. 1978), the following: *Page 730 
 "It is a long standing rule of the common law, and one frequently recognized in this state, that a child born to a married woman is presumed to be the legitimate offspring of her husband. . . . This presumption of legitimation may be rebutted by clear and convincing evidence which tends to show that it is naturally, physically, or scientifically impossible for the husband to be the father. . . . The husband and wife, however, are incompetent to testify that their children are illegitimate under the common law rule originally expressed by Lord Mansfield in Goodright v. Moss, 2 Cowp. 591 (1777). This rule prevents testimony by the wife which would establish the illegitimacy of the children born in wedlock. . . . The presumption of legitimacy in cases of this type is one of the strongest and most persuasive known to the law."
360 So.2d at 712-713.
With these quoted words before us, it might be determined that a decree bastardizing the child born during the marriage entered solely upon the stipulation of the parties is without necessary proof. We find no necessity for such a finding in this case. However, the absence of such proof gives emphasis to the possible injustice and terrible wrong to be committed against the child if the decree is not set aside. Our supreme court only recently appropriately said in Blackwell, supra, at 683, "Our legal system cannot tolerate such injustice, and a fair interpretation of the Rules of Civil Procedure not only supplies a remedy, but also gives meaning to the spirit behind those rules. The courts of this state simply cannot be without power to remedy a wrong of this magnitude." It is with such principle in mind that we find the trial court to have properly set aside that part of its decree illegitimating the child.
 II
The second issue raised by the wife on appeal is whether the 1981 divorce decree was res judicata as to the issue of paternity, if the husband's 60 (b) motion is deemed to be an independent action. That issue goes to the heart of Rule 60 (b), for it raises the question of whether Rule 60 (b) only authorizes a court to set aside a prior judgment or whether it also authorizes the court to retry, or redetermine, the disputed issue.
Rule 60 (b) simplifies and consolidates the several procedural devices used for attacking judgments in Alabama prior to the adoption of the Alabama Rules of Civil Procedure.Ex parte Waldrop, 395 So.2d 62 (Ala. 1981). Among such devices was the bill of review, by which a judgment could be set aside for fraud, accident or mistake. Crisco v. Crisco, 294 Ala. 168,313 So.2d 529 (1975); Lewis v. Smith, 265 Ala. 620,92 So.2d 886 (1957). The effect of granting a bill of review was to vacate the earlier judgment insofar as it affected the complainant and to permit a retrial of the suit. McCall v.McCurdy, 69 Ala. 65 (1881); Lewis, supra.
If the "old" bill of review authorized the equity court not just to set aside the earlier judgment, but also to set the case for a redetermination, then Rule 60 (b) may provide the same result. Such conclusion follows, because Rule 60 (b) retains the substance of all the old procedural devices for attacking judgments, including the bill of review. See
Committee Comments, Rule 60 (b), A.R.Civ.P.; Ex parte Waldrop,supra.
The wife correctly argues that an adjudication of paternity is ordinarily res judicata, and the issue may not be retried.Collier v. State ex rel. Kirk, 454 So.2d 1020 (Ala.Civ.App. 1984); Julian v. Julian, 402 So.2d 1025 (Ala.Civ.App. 1981). A paternity adjudication is no longer res judicata, however, if a court has set it aside under Rule 60 (b). The prior adjudication no longer exists, and the court is free to set the paternity matter for a retrial. The trial court did so in this case.
We note that our present holding was implicit in our 1980 decision in Stewart v. Stewart, 392 So.2d 1194 (Ala.Civ.App. 1980), cert. denied, 392 So.2d 1196 (Ala. 1981). In that case we opined that a paternity adjudication would not be res judicata where there was fraud upon the court in obtaining *Page 731 
the adjudication within the meaning of Rule 60 (b). We affirmed, however, the trial court's refusal to set aside the prior paternity adjudication because it found that the circumstances alleged did not constitute "fraud upon the court."
We emphasize that our holding in this case does not overrule our prior holdings that an adjudication of paternity is generally res judicata. Collier, supra; Julian, supra. It will continue to be so, as in Stewart where the issue is properly tried upon proof to judgment. Under the unique circumstances of this case, however, wherein the father was attempting to legitimate the child he and his wife had bastardized by their divorce agreement, public policy and principles of equity and justice allow the setting aside of the bastardizing decree and the retrial of the paternity question. The trial court did not abuse its discretion in granting the husband's 60 (b) motion under the circumstances of this case, and having granted the motion, it did not err in trying the question of the child's paternity.
This case is due to be and is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.