This case arose from a divorce decree that awarded the wife child support payments for the care of the child born during the marriage. More than two years later, the husband alleged that he was not the father of the child and filed a petition for relief from the original divorce decree.
The Circuit Court of Tuscaloosa County granted the husband's petition, setting aside the original decree and releasing him from the obligation of child support.
The wife, through able counsel, appeals, contending that the issue of the child's paternity is res judicata and the petition for relief is untimely. We agree and reverse.
The husband filed for divorce in April of 1978. In the complaint for divorce, the husband stated that the wife was expecting the "parties' child." The wife also stated, in her answer to the complaint, that she was pregnant with the husband's child.
The trial court rendered a final divorce decree in December of 1978, finding that the child, born in September of that year, was of the marriage. The husband was ordered to pay child support and maintenance and was given certain visitation rights.
In September of 1983, the husband filed a petition for relief, seeking to set aside the original divorce decree pursuant to Rule 60 (b) of the Alabama Rules of Civil Procedure.
According to the husband's petition, the wife phoned him in October of 1981 and stated that she and her new husband intended to adopt the child that is the basis of this suit. The husband contends that the wife told him during that conversation that he was not the father of the child.
The trial court, ruling on the petition for relief, found that the husband was not the father of the child and set aside the original decree.
As stated, the wife appeals, contending that the issue of paternity is res judicata as determined by the divorce decree and that the petition for relief was untimely filed.
The facts in this case are strikingly similar to the facts inStewart v. Stewart, 392 So.2d 1194 (Ala.Civ.App. 1980). In that case, the wife was pregnant when the parties filed for divorce. The final divorce decree awarding child support from the husband contained phrases of paternity, such as "the parties' unborn child" and "the parties' minor child."
The husband in Stewart filed an independent action under Rule 60 (b), A.R.Civ.P., to be relieved from payment of child support because of an alleged "fraud upon the court." The husband contended that he was not the father of the child and could not be because of his sterility.
This court stated that phrases of paternity in a judgment almost always constitute *Page 504 
"a finding that the defendant was the father of the child and that in subsequent proceedings between them, a husband and wife are concluded by the paternity determination in the divorce judgment." Stewart, 392 So.2d at 1195.
In the case at hand, the facts are virtually the same. Both parties, in their pleadings from the original divorce decree, referred to the child as "the parties' child" and "the plaintiff's child." The judgment of the trial court stated that the child "was born to the marriage." It seems clear, on the authority of Stewart, with the phrases of paternity in the parties' pleadings and the language of the divorce decree, that the determination of paternity is res judicata.
In addition, the petition for relief under Rule 60 (b), A.R.Civ.P., comes too late. If relief is to be granted under the provisions of Rule 60 (b), which permits relief from judgments for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, misrepresentation, or fraud, the petition must be filed not more than four months after the original judgment was entered. McSween v. McSween, 366 So.2d 293
(Ala.Civ.App. 1979). Here, the petition for relief was filed more than two years after the original divorce decree was entered.
The husband contends that relief from the judgment would be proper under Rule 60 (b)(6), which provides for relief for "any other reason" which justifies relief. This section is not restricted by the four-month limitation, but a motion must be made within a reasonable time. A.R.Civ.P., Rule 60 (b)(6).
The Supreme Court of Alabama has clearly stated that the "catch all" provision of Rule 60 (b) is designed to operate exclusive of the specific grounds listed in other provisions of the rule. A party may not use the "catch all" provision to merely escape the time limits of the other provisions. Ex parte Hartford InsuranceCo., 394 So.2d 933 (Ala. 1981).
In this case, it seems clear that the husband must rely on other provisions of Rule 60 (b), such as fraud or misrepresentation. Because the rule is mutually exclusive and the relief from the judgment was sought more than four months after the judgment, the husband's petition is untimely.
The husband next contends that the trial court had the power under Rule 60 (b) to entertain an independent action within a reasonable period of time, not to exceed three years, to set aside a judgment for "fraud upon the court." Such action was attempted in Stewart.
In Stewart, with almost identical facts, this court stated that "fraud upon the court" would be considered as extrinsic or collateral fraud as opposed to intrinsic fraud. It was held that the alleged fraud in that case was not "fraud upon the court" because it did not vitiate the finding of paternity in the divorce judgment.
Clearly, the alleged fraud in the case at hand, as in Stewart, was intrinsic in nature and could not be considered "fraud upon the court." Hence, an independent action is inappropriate.
In view of the findings in Stewart, the question of paternity is res judicata because of the determination in the original divorce decree. In addition, the petition seeking relief from the divorce judgment was untimely filed, more than four months from the judgment. Therefore, the trial court erred in granting the husband's petition for relief under Rule 60 (b), and this case is due to be reversed and remanded for entry of a judgment not inconsistent with the above.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 505