This appeal concerns a Rule 60(b)(6), Alabama Rules of Civil Procedure, amended motion by Mr. Spindlow to set aside an adjudication of paternity as had been established by the May 5, 1982 final judgment which divorced the parties. The former Mrs. Spindlow's answer was that the divorce judgment constituted res judicata as to paternity. For convenience and clarity, the parties will be referred to as the husband and the wife.
At a hearing as to the husband's motion, he testified that the child was born on July 29, 1981 and that he had regularly visited with the child from the time of the divorce until he moved to Michigan in February 1985. In late June 1985 the wife telephoned the husband with a request that he keep the almost-four-year-old child for at least six months because of the wife's illness. He further testified that the wife told him in that same conversation that he was not the child's father. A day or so later the husband came to Birmingham and took the child with him to Michigan.
On October 7, 1986 the trial court ordered blood tests of the parties and the child, and, additionally, pursuant to Rule 60(b), set aside the prior adjudication of paternity as determined by the original divorce judgment. The matter of the paternity of the child was deferred for further hearing in accordance with the rules of evidence pertaining to such issue. No further proceedings were held before the trial court.
The wife appealed from that portion of the October 7, 1986 judgment which granted the Rule 60(b) motion, and the wife sought a writ of mandamus in the alternative. That judgment was an interlocutory judgment only, and it will not support an *Page 920 
appeal. Hobbs v. Hobbs, 423 So.2d 878 (Ala.Civ.App. 1982).
A motion for relief from a final judgment on account of the fraud, misrepresentation, or other misconduct of the adverse party must be instituted within four months after the entry of the judgment. Rule 60(b)(3), A.R.Civ.P.; McPherson v. King,437 So.2d 548 (Ala.Civ.App. 1983). Here, Rule 60(b)(3) cannot have any application, for the husband's motion was filed many months after the four-month deadline.
Additionally, Rule 60(b)(6) authorizes the filing of an independent action to relieve a party from a judgment for "fraud upon the court" if the independent action is brought within three years after the entry of the judgment or within the additional time of two years after the discovery of the fraud as is now permitted by section 6-2-3 of the Alabama Code of 1975 (1986 Cum. Supp.). We will consider the husband's motion as being such an independent action. It was timely filed.
The Supreme Court of Alabama has defined "fraud upon the court" as embracing only that species of fraud which defiles or attempts to defile the court itself or which is a fraud perpetrated by an officer of the court, and it does not include fraud inter parties without more. Brown v. Kingsberry MortgageCo., 349 So.2d 564 (Ala. 1977). To the same practical effect, see Aker v. State, 477 So.2d 437 (Ala.Civ.App. 1985);Anonymous v. Anonymous, 473 So.2d 502 (Ala.Civ.App. 1984);McPherson, supra; and Stewart v. Stewart, 392 So.2d 1194
(Ala.Civ.App. 1980), cert. denied, 392 So.2d 1196 (Ala. 1981). In addition to Stewart, certiorari was also denied in each of the other cases. Perjury of a party is not per se a ground for postjudgment interference with a final judgment. Aker, supra;Stringer v. Sheffield, 451 So.2d 320 (Ala.Civ.App. 1984);Stewart, supra. Under factual conditions which are comparable with the present case, it has been consistently held that similar acts of a party did not constitute a fraud upon the court. Aker, supra; Anonymous, supra; Stringer, supra; McCraryv. McCrary, 408 So.2d 523 (Ala.Civ.App. 1981); Stewart, supra.
We likewise hold that the acts and words of the wife in the present case were not a fraud upon the court.
As to the parties' divorce action, it was alleged in the wife's complaint that this particular child was born of the marriage. The settlement agreement of the parties concerning their domestic difficulties contained the following language: "It is agreed that there was one child born of the marriage of the parties [naming the child]"; the mother is awarded the custody "of the minor child of the parties"; the husband agreed to pay $75 per month "for the support and maintenance of said minor child of the parties"; and the husband is granted visitation rights "with the said minor child of the parties." The wife's testimony included proof that "[t]here was one child born of the marriage [naming the child]." The divorce judgment made the agreement of the parties a part of the judgment by reference. Accordingly, the divorce proceeding established the paternity of the child and the parties are precluded by res judicata from disputing the child's paternity in subsequent proceedings. Aker, supra; Anonymous, supra; Collier v. State,ex rel. Kirk, 454 So.2d 1020 (Ala.Civ.App. 1984); Stringer,supra; McCrary, supra; Julian v. Julian, 402 So.2d 1025
(Ala.Civ.App. 1981); Stewart, supra. Many of those cases are factually similar to the instant case, and Stewart is almost on all fours.
The husband relies greatly upon Coburn v. Coburn,474 So.2d 728 (Ala.Civ.App. 1985). The post-divorce litigation in Coburn
was an attempt to legitimate a child who had been bastardized by an agreement of the parties, while the present case is one to bastardize a child who had been previously adjudged to be the child of the parties. In Coburn it was expressly emphasized that prior holdings that an adjudication of paternity is generally res judicata were not overruled. Coburn, 474 So.2d at 731. Coburn does not here apply — Stewart
and its progeny do.
For the foregoing reasons the learned trial court erred in setting aside the prior adjudication of paternity as established by *Page 921 
the parties' original divorce judgment. As a matter of law, the holding of the divorce judgment established the paternity of the child and, as to the parties, is res judicata as to the child's paternity. Stewart, supra. A writ of mandamus shall issue to the circuit court unless that court within fourteen days from this date (1) sets aside its October 7, 1986 judgment in this cause; (2) enters a judgment restoring the prior adjudication of paternity as established by the parties' original divorce judgment of May 5, 1982; and (3) dismisses the husband's Rule 60(b) motion as amended. A copy of such order of the circuit court shall be promptly filed with the clerk of this court.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
WRIT OF MANDAMUS CONDITIONALLY GRANTED.
All the Judges concur.