This is a post-divorce case where the State of Alabama on behalf of the mother of a minor child sought child support from Mr. Head, her former husband.
The 1981 judgment which divorced the parties incorporated therein their agreement, whereby the mother was granted the custody of "the minor child born of the marital union"; Head deeded to the mother his interest in a house and lot "to serve as child support" and "for the support of the minor child" in lieu of any future child support from him; the mother was rendered responsible for the sole support of the minor child, and Head was granted visitation rights with the minor child only at the mother's discretion. That divorce judgment wasres judicata as to the paternity of the child insofar as the parties are concerned. Aker v. State, 477 So.2d 437
(Ala.Civ.App. 1985); Anonymous v. Anonymous, 473 So.2d 502
(Ala.Civ.App. 1984); Collier v. State ex rel. Kirk, 454 So.2d 1020
(Ala.Civ.App. 1984); Julian v. Julian, 402 So.2d 1025
(Ala.Civ.App. 1981); Stewart v. Stewart, 392 So.2d 1194 (Ala.Civ.App. 1980), cert. denied, 392 So.2d 1196 (Ala. 1981).
Many subsequent proceedings ensued. In 1983 the State of Alabama ex rel. the mother sought child support from Head, and the trial court rendered a judgment in October 1983 (1983 judgment) which dismissed the child support petition with a finding that, from the testimony and evidence, Head was not the child's father. In June 1986 the mother filed a motion under Rule 60(b) of the Alabama Rules of Civil Procedure to set aside the 1983 judgment on the ground that the mother never received notice or service of process for the October 1983 hearing and that she did not attend it, was not present at it, and was not able to present any evidence at that hearing. On June 26, 1986, the trial court denied that motion (the Rule 60(b) judgment). On October 9, 1986, the State of Alabama ex rel. the mother again sued Head for child support, and on October 10, 1986, the trial court dismissed that petition because the trial court had determined in the 1983 judgment that Head was not the father of the child, no appeal having been taken therefrom or from its Rule 60(b) judgment. An appeal was timely taken from the October 10, 1986, judgment.
Had the 1983 judgment been timely appealed, we would have been presented with the question of the propriety of the 1983 judgment in view of the res judicata effect of the divorce judgment, but no such appeal ensued. The Rule 60(b) *Page 1012 
proceeding was not to retry the 1983 case, but to relieve the mother from the consequences of the 1983 judgment. Again, no appeal was taken from the Rule 60(b) judgment. The 1983 judgment and the Rule 60(b) judgment were the latest adjudications concerning the child's paternity, and those judgments effectively supplanted the res judicata effect of the divorce judgment. The parties are now bound by those two later rulings. The paternity matter was concluded by those two judgments, and, right or wrong, they cannot be collaterally attacked at the present time through the October 1986 child support proceedings and the present appeal. The 1983 judgment and the Rule 60(b) judgment were regular upon their face, and they are immune from collateral attack through the present appeal. Ex parte Edmondson, 451 So.2d 290 (Ala. 1984). A judgment of a court which has jurisdiction of the subject matter and of the parties and which possesses the power to render the particular judgment is immune from collateral attack. Duncan v. Kent, 370 So.2d 288 (Ala. 1979). All of those elements were present concerning the 1983 judgment and the Rule 60(b) judgment, and those two judgments are now immune from collateral attack. Neither of those two judgments is void. An appeal should have been taken from the 1983 judgment and from the Rule 60(b) judgment if there was error in entering them, and the present appeal cannot substitute for an appeal from either of those two earlier judgments. Accordingly, Head has had no legal parental duty to support the child since the 1983 judgment, and the trial court did not err in dismissing the latest child support petition as filed by the State.
This opinion should not be construed as diluting or being divergent from Stewart, 392 So.2d 1194, and its progeny. We merely have applied the collateral attack doctrine. In summary, where a subsequent judgment modifies the effect of provisions of a divorce judgment, the party who is adversely affected by the modified judgment must raise his/her issues as to such modification through a direct appeal and not through a collateral attack, and, failing to appeal from the modification judgment, the parties are bound thereby.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.