586 So.2d 230 (1991)
E.B.M.
v.
V.W., et al.
2900332.
Court of Civil Appeals of Alabama.
June 28, 1991.
Victor Jackson, Gadsden, for appellant.
William Prendergast, Lois Brasfield and Mary E. Pons, Asst. Attys. Gen., for appellees.
ROBERT P. BRADLEY, Retired Appellate Judge.
This is a paternity case.
On January 10, 1986 the State of Alabama ex rel. G.H. (mother) filed a petition against K.M. in the Juvenile Court of Jefferson County, Alabama, alleging that K.M. was the natural father of K.H. On May 9, 1986 K.M. admitted to the court *231 that he was the father of the child, and a judgment of paternity was entered.
Over a year later K.M. filed a motion for relief from the juvenile court's judgment, then filed a motion to set aside the judgment. The trial court appointed a guardian ad litem to represent the minor child in these proceedings. K.M.'s motions were subsequently denied. Two months later K.M. appealed the juvenile court's decision to the Circuit Court of Jefferson County. This appeal was subsequently dismissed as untimely.
On January 24, 1990 the mother filed a petition for rule nisi against K.M. K.M. then entered into an agreement with the mother on the issue of child support and this agreement was ratified by the juvenile court.
On March 22, 1990 a new petition for paternity was filed in the Family Court of Jefferson County to establish the paternity of K.H. This action was styled as a petition brought by the minor, K.H., through her paternal grandparents. The action was brought against the father and others. The complaint alleged that since the time K.M. was adjudicated as the father of K.H., K.M. had undergone blood tests that excluded him as the father of K.H. The petition further alleged that V.W. had come forward to admit that he was the father of K.H. The prayer for relief requested that the court appoint a guardian ad litem to represent the minor child and enter an order that K.M. was not the father of K.H.
On June 13, 1990 a referee appointed by the family court issued an order allowing the action to be brought in the name of the minor child and appointing a guardian ad litem to represent the minor child. The order also added V.W. as defendant and required that all parties submit to a blood test.
On July 20, 1990 the mother ex rel. the State of Alabama filed a motion for relief from the court referee's order, alleging that the issue of K.H.'s parentage was res judicata.
An ore tenus proceeding on the second complaint was held in the family court on October 24, 1990. The Juvenile Court of Jefferson County subsequently issued an order stating that it had already adjudicated the issue of paternity and thus the matter was res judicata. In light of the juvenile court's order, the family court granted the mother's motion to set aside the referee's order and the petition for paternity was dismissed. The petitioner appeals.
We begin by emphasizing that paternity adjudications are generally deemed to be res judicata where the issue has been properly tried to final judgment. Coburn v. Coburn, 474 So.2d 728 (Ala.Civ.App. 1985). The doctrine of res judicata will be applicable to paternity actions where the following elements are met: (1) the prior judgment was rendered by a court of competent jurisdiction, (2) the prior judgment was rendered on the merits, (3) the same cause of action is present in both suits, and (4) the parties to both suits are substantially identical. Ex parte Snow, 508 So.2d 266 (Ala.1987); Tatum v. Kelley, 481 So.2d 1132 (Ala.1985).
In the instant case, the first three elements set out above have been met. The appellant argues that the child was not a party to the first paternity action, thus the fourth element has not been met. To support this contention, the appellant cites Ex parte Snow. In Snow, an unmarried mother's unsuccessful paternity action did not bar her minor child from bringing a second petition for paternity against the same man. The child was not a party to the first proceeding. Indeed, the first petition was filed pursuant to a statute, now repealed, that did not allow the child to be joined as a party. The Alabama Supreme Court found that the child had certain unique interests in an adjudication of paternity that were not the same as the mother's interests. Because the mother and child did not have "privity of interest" in the first petition for paternity, and because the child had been precluded by statute from joining the first paternity action, the supreme court allowed the child to bring a second petition to protect her unique interests in legitimacy.
*232 We find that the appellant's reliance on Snow is wholly misplaced here. The record in this case does indicate that the child was not originally made a party to the first adjudication of paternity. However, a guardian ad litem was appointed to represent the child when the father filed postjudgment proceedings in an effort to overturn the decision. At that time the child, through the guardian ad litem, fought to uphold the adjudication of her legitimacy and was thereby given the opportunity to protect the interests recognized in Snow. We therefore find that the child was effectively made a party to the action at that time. Because she was a party to the earlier proceedings, which ended with a final judgment on the merits in a court of competent jurisdiction, the child is now precluded from bringing another action to relitigate the issue of paternity.
We are compelled to point out the most critical distinction between Snow and the case at bar. In Snow, the supreme court allowed the child to bring a second petition for paternity in an effort to protect the child's interests in legitimization. Indeed, the laws of this state have historically sought to provide means and remedies whereby a child born out of wedlock may establish his or her legitimacy and reap the benefits thereof.
In this case the child brought a second petition seeking not to legitimize herself, but to undo her legitimacy; that is, to bastardize herself. Because it is possible to imagine circumstances where bastardization proceedings would protect unique interests of the child, we do not find that a child should necessarily be precluded from bringing such an action. However, we do not find that the petition in this case was brought to protect any such interests of the child. The second petition did not seek to establish the paternity of someone other than the father. The petition did not include any prayer for relief, except relief for the father from his support obligation. The second petition was filed by the attorney who represented the father in both paternity actions. This and other evidence in the record suggests that this action was actually brought by the father in the name of the child, in an attempt to overturn the judgment of paternity after his posttrial motions were denied and his appeal was unsuccessful. Certainly, the doctrine of res judicata bars such an action.
In light of the specific facts in this case, the trial court properly found that it lacked jurisdiction to readjudicate the father's paternity. There being no error in the trial court's judgment, this case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.