ROBERTSON, Presiding Judge.
Janice Karen Ledbetter (mother) and Ellie Gene Ledbetter (father) were divorced in September 1986. A separation agreement executed by the parties was ratified and made a part of the divorce decree. Custody of the parties’ three minor children was awarded to the mother. In August 1991 the mother filed a petition for support. The father’s answer denied that he was the biological father of the children and requested that the trial court determine paternity. The father’s defense was denied by the trial court on the basis of res judicata. The father then filed a petition seeking custody of the chil *656 dren. The mother answered and counter-petitioned for rule nisi and modification.
Following the ore tenus proceeding, the trial court again ruled that, based upon the pleadings filed in the original divorce action and the terms of the final judgment of divorce, the issue of paternity was precluded. The trial court denied the father’s petition for custody of the children, found the father to be in arrears in the payment of child support in the amount of $8,130, and held him in contempt of court. The trial court provided that the father could “purge himself of contempt by paying the sum of $3,130 ... within forty-two (42) days ... or, upon final disposition of any appeal that may be taken....”
The father’s sole issue on appeal is whether the trial court erred in refusing to allow him to pursue the defense of lack of paternity.
The children’s paternity was determined in the 1986 divorce judgment, as the trial court correctly held, and the doctrine of res judica-ta prevents the father from relitigating that issue. Stewart v. Stewart, 392 So.2d 1194 (Ala.Civ.App.1980). The trial court’s judgment is affirmed on the authority of Ex parte Presse, 554 So.2d 406 (Ala.1989); Collier v. Kirk, 454 So.2d 1020 (Ala.Civ.App.1984); Julian v. Julian, 402 So.2d 1025 (Ala.Civ.App.1981); and Stewart, supra.
The mother has filed a motion for the assessment of damages and/or attorney fees pursuant to Rule 38, A.R.App.P., alleging that the father’s appeal is frivolous and was filed for the purpose of delay in the payment of the child support. The law is so well established in Alabama as to the issue presented that this court finds this appeal to be frivolous, and, accordingly, awards the mother damages in the amount of $500 and an attorney’s fee in the amount of $500, for a total of $1,000, against the father.
AFFIRMED.
THIGPEN and YATES, JJ., concur.