RICHARD L. HOLMES, Retired Appellate Judge.
This is a paternity case.
In April 1992 the State of Alabama (State), on behalf of Debbie A. Henderson (mother), filed a complaint, seeking an adjudication of paternity and seeking child support. The complaint alleged that Steve Tolver was the father of the mother’s twin daughters.
Tolver filed a motion to dismiss, alleging that paternity of the children had been established in the 1989 divorce action between the mother and Charles Michael Henderson (father) and that the mother was precluded from filing the present complaint by the doctrine of res judicata. The district court agreed that the 1989 divorce action firmly established the paternity of the two children and granted Tolver’s motion to dismiss.
The mother appealed to the circuit court for a trial de novo. Tolver, once again, filed a motion to dismiss, stating the same grounds. The circuit court granted Tolver’s motion to dismiss, based upon its finding that the 1989 divorce established the paternity of the two children and that the mother was precluded from litigating the issue of paternity due to the doctrine of res judicata.
The State appeals on behalf of the mother. We affirm.
The State argues that the trial court erred when it determined that there had been a prior adjudication of paternity in the 1989 divorce proceedings between the mother and the father which barred the instant action due to the doctrine of res judicata. The State contends that the judgment of divorce does not include language sufficient to adjudicate the paternity of the two children.
In its brief, the State acknowledges that, pursuant to Stewart v. Stewart, 392 So.2d 1194 (Ala.Civ.App.1980), when there has been an adjudication of paternity in a divorce, the parties to that action are barred from any subsequent proceedings on that issue.
However, the State attempts to distinguish the present case from Stewart, 392 So.2d 1194. The State contends that because the judgment of divorce in the present case does not contain the phrases as to paternity which were contained in the judgment of divorce in Stewart, 392 So.2d 1194, there has been no adjudication of paternity in the present case and that the doctrine of res judicata does not apply. (We would note that the phrases as to paternity contained in the Stewart judgment of divorce included “the minor child of the parties” and “the parties’ minor child.” Stewart, 392 So.2d at 1195.)
This court stated the following in StewaH, 392 So.2d at 1195:
“ ‘[T]he question of legitimacy is res judi-cata between the parties, where it was alleged in the complaint for divorce that the children were the issue of the marriage between the plaintiff and defendant, and the decree awarded to plaintiff the custody and care of the issue of the marriage.’ 27B C.J.S. Divorce § 321(1) at 629 (1959).”
(Emphasis added.)
In Collier v. State ex rel. Kirk, 454 So.2d 1020 (Ala.Civ.App.1984), this court concluded *1373 that the issue of paternity of a child was res judicata as to the father and the mother, even though the father had consistently denied that he had fathered the child. The court reached this conclusion because the parties’ divorce decree was based upon an agreement between the parties, wherein they stipulated that the mother was to have “custody ... of the minor child of the marriage.” Collier, 454 So.2d at 1022.
In Ex parte Presse, 554 So.2d 406 (Ala.1989), the parties were divorced in Louisiana, and custody of the minor child was awarded to the father. The facts of the case, as set out by our supreme court, make no mention of the divorce decree containing the “phrases as to paternity” on which the State relies so heavily in distinguishing the present case from Stewart, 392 So.2d 1194. Yet our supreme court notes in its opinion that the mother is barred by the doctrine of res judi-cata from filing a paternity action because she was a party to the divorce decree and subsequent custody judgments.
Our review of the record in the present case reveals the following: The father filed a complaint for divorce in May 1989. The complaint stated, in pertinent part, that “[f]ive children were born of the marriage.” The complaint listed the names and ages of these five children, including the twin daughters, and outlined the parties’ agreement regarding custody of the five children. The mother filed an answer and waiver, wherein she stated that she “admitted] all of the allegations of the complaint and each paragraph thereof.” The father also filed an affidavit, wherein he stated, in pertinent part, that “[(live children were born of our marriage, namely, ... Bridget Henderson and Brittany Henderson, twin girls who are approximately 6 months old.”
In June 1989 the divorce was granted by a judgment, which provided, in pertinent part:
“This cause ... was submitted for final judgment upon answer and waiver and the pleadings and testimony as taken by affidavit of [the father] before a notary public.
“Upon consideration thereof, IT IS ORDERED AND ADJUDGED BY THE COURT AS FOLLOWS:
In the provisions of the divorce decree, which followed the above paragraphs, the father was awarded custody of two of the children, and the mother was awarded custody of three of the children, with reasonable visitation rights with the children vested in the noncustodial parent. We would note that the complaint for divorce stated that the parties were in agreement regarding the custody of the children. In the divorce decree the trial court awarded custody of the five children in the manner agreed upon by the parties.
This judgment of divorce was based upon the pleadings and the affidavit, all of which referred to the “[f]ive children [including the twin daughters, who] were born of the marriage.”
The State indicates in its brief that it brought this appeal out of concern that these two children will have no legal father to provide them with financial support if the order of the circuit court is allowed to stand.
However, in view of Presse, 554 So.2d 406; Collier, 454 So.2d 1020; and Stewart, 392 So.2d 1194, the question of the paternity of the mother’s twin daughters is res judicata as to both the mother and the father.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.