ROBERTSON, Presiding Judge.
Linda E. Murray Milton and Ronald Milton were married in February 1980. The oldest child involved in this case was born July 4, 1978, and the other two children *914 were born during the marriage. On September 4, 1987, a judgment of divorce was entered which dissolved their marriage and granted custody of the three children to Linda, with Ronald being required to pay child support. Ronald filed a motion on September 29, 1987, to reopen and modify the divorce judgment, mainly alleging that the oldest child was born to Linda and another person prior to the marriage of Linda and Ronald. The trial court dismissed this motion.
Following nearly two years of various motions by Ronald and corresponding denials by the trial court, the State of Alabama filed a contempt petition against Ronald on behalf of Linda for child support arrear-age. Although this petition was dismissed without prejudice because of lack of service, the State filed a new petition on August 17,1990, alleging increased arrearage. Ronald answered the petition on October 17, 1990, and claimed that two of the children, the oldest and the youngest, were not his natural offspring. Also, Ronald filed a countermotion (Rule 60(b)(6)), requesting a blood test of both children in order to determine paternity, which the trial court granted on March 8, 1991, based on sworn testimony that, as a merchant seaman, Ronnie had no access to Linda during the time that she became pregnant with each of these two children.
From that ruling, the State has petitioned this court for a writ of mandamus instructing the trial court to withdraw its order for the blood tests. The writ is due to be denied on authority of Ex parte State of Alabama ex rel. McKinney, 575 So.2d 1024 (Ala.1990).
Our supreme court, in denying a similar petition for writ of mandamus in McKinney, stated:
“It is axiomatic that mandamus is an extraordinary remedy which should be granted only when there is a clear showing that the court below abused its discretion and exercised it in an arbitrary or capricious manner.
“Furthermore, mandamus is not a writ of right; it is granted or denied in the Court’s discretion. It is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.
“In this case, the State has not clearly shown that the trial court abused its discretion and exercised its discretion in an arbitrary or capricious manner.” (Citations omitted.)
McKinney at 1026.
By denying the State’s petition for mandamus, we do not decide whether Ronnie is the father of the two children or whether he should be estopped to deny his paternity of these two children. McKinney. “These issues, if raised, can be litigated in the trial court, and an aggrieved party can appeal.” McKinney at 1026.
WRIT DENIED.
THIGPEN and RUSSELL, JJ., concur.