L. CHARLES WRIGHT, Retired Appellate Judge.
In May 1985 the State of Alabama, on behalf of C.B. (mother), filed a complaint for paternity and child support against L.L.Z. in the District Court of Chambers County. L.L.Z. admitted the allegations of the complaint, waived his right to counsel, and agreed to have a final order rendered without additional notice. He agreed to pay $20 per week for the support of the minor child. As a result of the agreement, the district court entered an order finding L.L.Z. to be the father of the child. The court ratified the parties’ child support agreement.
In September 1986 the State filed a contempt petition against L.L.Z. in the district court, alleging his failure to comply with the child support order.
In October 1986 L.L.Z. requested that the parties be ordered to submit to blood testing. The trial court granted the request. The record is devoid of any explanation as to the reasons for the requested blood testing. The results of the blood tests were not conclusive.
The case came up for hearing in February 1987. At that time L.L.Z. requested additional blood testing “to either exclude or raise the probability of paternity.” The request was granted.
The case again came up for hearing in June 1987. The court issued an order in August mandating that the parties submit themselves for additional blood testing.
A hearing was finally held in November 1987. The court had before it the results *161 of the fourth blood test, which concluded that L.L.Z. was excluded as the biological father of the child. The court found that L.L.Z. was not the father of the child.
The State filed an appeal to the circuit court for a trial de novo, contending the issue of paternity was res judicata because of the judgment of 1985. Following a hearing on the matter, the circuit court found, in pertinent part, the following:
“This court is of the opinion that the question of paternity is so serious that any question concerning paternity made in good faith should be addressed.
“It is, therefore, ordered, adjudged and decreed that this court accepts the medical evidence which excludes [L.L.Z.] as being the father of [the minor child] and specifically finds that [L.L.Z.] is not the father of [the minor child]. Consequently, [L.L.Z.] has no obligation for past or future child support.”
The State appeals and asserts that the trial court erred in setting aside the 1985 order of paternity.
The doctrine of res judicata as applied to paternity actions is well established. Ex parte State ex rel. Harrell, 588 So.2d 868 (Ala.1991). Once a judicial determination of paternity has been made, the parties are precluded from disputing that determination in any subsequent proceeding. Harrell.
In this case the issue of paternity was determined in 1985. The 1986 contempt action was simply a continuation of the prior paternity action. Because of the applicability of the doctrine of res judicata, L.L.Z. was barred from challenging the 1985 paternity determination for purposes of child support. The subsequent orders for blood testing and the eventual setting aside of the 1985 order were, therefore, error.
In rare instances paternity actions may be challenged through a Rule 60(b), Alabama Rules of Civil Procedure, motion. Harrell. In this instance no Rule 60(b) motion was filed, nor was there any evidence indicating that the father was entitled to extraordinary relief.
The issue of paternity has been established. The trial court erred in relitigating the prior determination. This case is reversed and remanded for a determination of support arrearage and whether a rule nisi should issue.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.