The State of Alabama sought a writ of mandamus directing the Circuit Court of Mobile County to withdraw its order granting Ronald Milton's request for a blood test. The Court of Civil Appeals denied the State's petition for the writ of mandamus, and we granted the State's petition for the writ of certiorari.598 So.2d 913.
Linda E. Murray Milton and Ronald Milton were married in February 1980. Prior to the marriage, Linda had given birth to C.C.M., on July 4, 1978. A second birth certificate for C.C.M., which was prepared and filed on June 15, 1981,[1] lists the child's father as Ronald Milton. Subsequent to the parties' marriage and prior to their divorce, two other children, R.M. and S.S.M., were born to Linda.
Linda and Ronald were divorced on September 4, 1987, with custody of the three children awarded to Linda. In addition to custody, the judgment of divorce provided for visitation, support, and hospitalization insurance for "the three minor children born of the marriage." On September 29, 1987, Ronald filed a motion to reopen and modify the judgment of divorce, alleging, among other things, that the oldest child, C.C.M., was not his child. After a hearing on Ronald's motion, the trial court denied his request to reopen or modify the judgment of divorce. No appeal was taken.
In March 1988, and again in January 1989, Ronald filed motions to reduce his child support obligation. He also requested that the divorce judgment be altered to reflect that C.C.M. was not his child. Further, he requested a blood test to determine the paternity of the youngest child, S.S.M. In March 1989, the trial court found that Ronald was more than $16,000 in arrears in his child support obligation and reduced his future child support obligation based on his reduced income. However, no blood tests were ordered, and the divorce judgment was not amended to reflect any change concerning the paternity of the children. No appeal was taken.
In 1990, the state filed a motion alleging an arrearage in child support. Ronald filed a counter-motion, again requesting blood tests to determine the paternity of two of the children. On March 8, 1991, the trial court ordered that blood tests be performed.
The State, on behalf of Linda, filed a petition for a writ of mandamus with the Alabama Court of Civil Appeals, alleging that the issue of paternity was res judicata and seeking to have the trial court required *Page 916 
to set aside its order. The Court of Civil Appeals denied the writ.
The issue presented is whether the Court of Civil Appeals erred in denying the writ of mandamus directing the Circuit Court of Mobile County to withdraw its order granting blood tests.
Initially, we note that this Court has very recently addressed a similar case concerning blood tests. Ex parte Stateex rel. Harrell, 588 So.2d 868 (Ala. 1991). In Harrell we held that once paternity has been established in a court proceeding that results in an adjudication that a certain person is the father of the child, that person is barred under the doctrine of res judicata from challenging the paternity of the child. We further noted that, in rare instances, paternity has been challenged through a motion made pursuant to Rule 60(b), A.R.Civ.P. However, we concluded in Harrell that the motion filed by the person found to be the father was not a Rule 60(b) motion and that, in fact, he had shown nothing to indicate that he was entitled to the extraordinary relief available through a Rule 60(b) motion. Therefore, we reversed the judgment of the Court of Civil Appeals with instructions for that court to issue the writ of mandamus directing the juvenile court to withdraw its order granting blood tests. See Ex parte State exrel. Edwards, [Ms. 1901942, February 14, 1992], 1992 WL 27901 (Ala. 1992).
Here, as the facts set out above indicate, the paternity of both C.C.M. and S.S.M. has been established. See Ala. Code 1975, § 26-17-6(a). Ronald Milton has not filed a Rule 60(b) motion to set the paternity adjudication aside, nor do we find that the trial court treated his counter-motion requesting blood tests as such a motion. In fact, Ronald's motion did not state any grounds for his allegation that two of the children were not his, nor did he submit any affidavits or other evidence pursuant to Rule 60(b) as grounds for modifying the divorce judgment. Clearly, he has not shown anything to indicate that he is entitled to extraordinary relief pursuant to Rule 60(b).
Because we have concluded that Ronald Milton is barred from challenging the prior adjudication of paternity and that he is not due any Rule 60(b) relief, the State's petition for the writ of mandamus is due to be granted. The judgment of the Court of Civil Appeals is reversed, and the cause is remanded with instructions to issue the writ of mandamus directing the Circuit Court of Mobile County to withdraw its order granting blood testing.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
[1] This birth certificate recites that the original birth certificate record was filed on August 25, 1978.