L. CHARLES WRIGHT, Retired Appellate Judge.
In March 1981 P.T. (mother) filed a complaint for paternity and child support against G.P. in the Juvenile Division of the Circuit Court of Mobile County. A hearing was held in April 1981 with both parties present. G.P. requested that blood tests be taken. His request was granted.
In October 1981 the parties appeared in court for a hearing on the matter. The trial court adjudicated G.P. to be the father of the minor child and ordered him to pay $5.00 per week in child support.
In December 1987 the mother filed a contempt petition against G.P., alleging his failure to comply with the support order. After a hearing, the trial court found G.P. to be in contempt and $1,395 in arrears. The trial court allowed him to purge himself of contempt by paying $300 into court within a month.
In April 1991 the State of Alabama, on behalf of P.T., filed a modification petition for support, alleging a change in circumstances. G.P. denied the allegations of the petition and requested that blood tests be taken. Among other things, the court denied the request for blood tests and ordered G.P. to pay $141 per month in support of the minor child.
G.P. filed a timely notice of appeal with the circuit court and requested a jury trial. The State filed a response to the notice of appeal, contending that G.P. was not entitled to a jury trial or to additional blood tests because the matter of paternity had been adjudicated in 1981. The State asserted that the present action was barred by *947 the doctrine of res judicata. (We make no comment as to the procedure below by which the circuit court assumed jurisdiction.)
In October 1991 the circuit court entered an order granting G.P.’s motion for blood tests. The court reset the matter for January 1991.
The State filed a motion for reconsideration, which was denied.
The State seeks a writ of mandamus from this court directing the circuit court to withdraw its order granting G.P’s request for blood tests and to limit G.P.’s appeal in the circuit court to the issue of support raised in the modification petition.
In response to the State’s petition, G.P. “submits no opposition or objection.” Instead G.P. submits that he “will seek relief by motion pursuant to Rule 60(b)(6).”
This court’s writ of mandamus is due to be issued on the authority of Ex parte State ex rel. Harrell, 588 So.2d 868 (Ala.1991), and State ex rel. C.B. v. L.L.Z., 594 So.2d 160 (Ala.Civ.App.1992).
The issue of paternity is res judicata. That issue was determined by judgment in 1981. G.P. is therefore precluded from disputing that judgment in this proceeding. This court’s writ of mandamus will issue directing the Honorable Circuit Judge to withdraw his order granting blood tests.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
WRIT GRANTED.
All the Judges concur.