INGRAM, Justice.
The State of Alabama sought a writ of mandamus directing the District Court of Lee County to withdraw its order granting Elton C. Curtis’s request for a blood test. The Court of Civil Appeals denied the State’s petition for the writ of mandamus, and we granted the State’s petition for the writ of certiorari.
In 1982, Antionette Edwards sued Elton C. Curtis, alleging that he was the father of her illegitimate child. At the request of Curtis, the District Court of Lee County (acting as the juvenile court) ordered blood tests performed to determine the paternity of the minor child in question. After the blood tests were completed, Curtis appeared in court with his attorney and stated in open court that he would legitimate the minor child by proceedings in the probate court. Further, Curtis pleaded guilty to “nonsupport” (Ala.Code 1975, § 13A-13-4), and the district court ordered Curtis to pay support for the minor child in the amount of $40.00 every two weeks.
In 1988 and twice in 1991, the parties were before the trial court concerning, among other things, nonpayment of child support. Hearings were held, and modifications of the amount of support, as well as new withholding orders, were issued.
In June 1991, Curtis filed the present motion for a new blood test, alleging that since the 1982 blood test was performed, “the medical profession has made great strides in research and testing in regard to parentage of children.” He contended that a new blood test “would give greater accuracy as to whether or not he is the father of the minor child.”
In response to Curtis’s request for additional blood tests, the State filed a motion in opposition, contending that the matter was res judicata. After a hearing, the district court granted Curtis’s request for additional blood tests.
The issue presented is whether the Court of Civil Appeals erred in denying a writ of mandamus directing the district court to withdraw its order granting blood tests.
*367 Initially, we note that this Court has very recently addressed a similar case concerning blood tests. Ex parte State ex rel. Harrell, 588 So.2d 868 (Ala.1991). In Harrell we held that paternity had been established in a prior order of the juvenile court and that the person found to be the father was barred under the doctrine of res judi-cata from challenging the paternity of the child. We further noted that, in rare instances, paternity has been challenged through a motion made pursuant to Rule 60(b), A.R.Civ.P. However, we concluded in Harrell that the motion filed by the person found to be the father was not a Rule 60(b) motion and that, in fact, he had shown nothing to indicate that he was entitled to the extraordinary relief available through a Rule 60(b) motion. Therefore, we reversed the judgment of the Court of Civil Appeals, with instructions for that court to issue the writ of mandamus directing the juvenile court to withdraw its order granting blood tests. See Ex parte State ex rel Milton, 598 So.2d 914 (Ala.1992).
Here, the issue of paternity was firmly decided in 1982, when Curtis pleaded guilty to nonsupport under Ala.Code 1975, § 13A-13-4,[1] and agreed in open court to legitimate the minor child. For nine years the mother and the minor child have known Curtis as the father and have relied on him for support pursuant to the 1982 judgment. Clearly, Curtis is now precluded from disputing the paternity of the minor child. Harrell. Further, Curtis has shown nothing to indicate that he is entitled to extraordinary relief pursuant to Rule 60(b). In fact, the only ground stated by Curtis in his motion for new blood tests is that “the current tests are a great deal more accurate.”
Because we have concluded that Curtis is barred from challenging paternity and that he is not due any Rule 60(b) relief, the State’s petition for the writ of mandamus is due to be granted. The judgment of the Court of Civil Appeals is reversed, and the cause is remanded with instructions to issue the writ of mandamus directing the District Court of Lee County to withdraw its order granting blood testing.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, STEAGALL and KENNEDY, JJ., concur.
HOUSTON, J., concurs specially.

. This statute states that someone commits the crime of nonsupport if he intentionally fails to provide support to a minor child whom he is legally obligated to support (including a child born out of wedlock whose paternity has been admitted or established in a civil suit).