621 So.2d 1345 (1993)
Ex parte STATE DEPARTMENT OF HUMAN RESOURCES.
(Re STATE of Alabama ex rel. Tracey HARRIS v. George STRODE).
AV92000045.
Court of Civil Appeals of Alabama.
March 19, 1993.
William Prendergast and Lois Brasfield, Asst. Attys. Gen., for petitioner.
Nicholas H. Cobbs, Jr., Greensboro, for respondent.
ROBERTSON, Presiding Judge.
This petition for a writ of mandamus seeks to direct the trial judge to withdraw an order for blood testing and to direct him to overrule a motion to set aside a default judgment in a paternity action.
This action began in 1987 when Tracey Harris filed a complaint against George Strode for an adjudication of paternity and *1346 child support for a minor child. The record reflects that a default judgment establishing paternity was entered by the trial court against Strode in May 1989. In March 1992, Strode filed a motion to set aside the default judgment establishing paternity and requested that a blood test be ordered.
Following a hearing on the motion, the trial court granted Strode's motion for a blood test, but reserved the issue of setting aside the default judgment until after the results of the blood test were received.
The state, on behalf of the mother, petitions this court for a writ of mandamus instructing the trial judge to withdraw the order for a blood test and instructing the trial judge to overrule Strode's motion to set aside the default judgment.
The writ is granted as to the blood testing, on the authority of Ex parte Harrell, 588 So.2d 868 (Ala.1991). In Harrell, our supreme court reversed this court's decision denying a writ of mandamus directing a trial court to withdraw its order granting blood testing.
The writ is hereby denied as to directing the trial judge to overrule Strode's motion to set aside the default judgment. This court may issue a writ of mandamus to compel the trial court to exercise its discretion; however, this court may not issue a writ of mandamus to control the exercise of such discretion. Ex parte Smith, 533 So.2d 533 (Ala.1988).
If the default judgment is due to be set aside, the trial court may set the default judgment aside, order blood testing, and try this case on its merits. The record before this court is insufficient to make any determination as to whether the default judgment should or should not be set aside.
WRIT GRANTED IN PART AND DENIED IN PART.
YATES, J., concurs.
THIGPEN, J., concurs in result.