[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 334 
This case involves paternity proceedings.
The record reveals that Peggy Vonetta Russell Fuller (mother) was not married when she gave birth to a child in June 1983. In November 1983, she married Charles E. Fuller ("Fuller") and they divorced in May 1988. The parties agree that the divorce decree, inter alia, acknowledged that the parties had one child and that the decree ordered Fuller to pay $25 per week for support of the minor child. That judgment was not appealed.
In March 1990, Fuller's motion alleging new information regarding the child's paternity and seeking blood tests was granted by the trial court. The record indicates that although the test results appeared to exclude Fuller as the biological father of the child, following a hearing in November 1990 Fuller was precluded by the trial court from raising the issue of paternity. The case reappeared on the docket in November 1991, and the trial court apparently re-entered the order nunc pro tunc. The blood test results do not appear of record, nor does the judgment precluding Fuller from raising the issue of paternity. Additionally, there is nothing to indicate that Fuller appealed that judgment.
In January 1992, the State of Alabama was allowed to intervene. A contempt petition was filed alleging that Fuller was delinquent in his support payments. Prior to the hearing, Fuller filed a motion for relief from judgment pursuant to Rule 60(b)(6), A.R.Civ.P., and a motion to deny the State's contempt petition. He asserted that he was not the father of the child and that "the question of paternity was agreed to, under circumstances involving false information, in the divorce agreement and never litigated." After the State answered and briefs were exchanged, the final order was entered in June 1992. That order stated that it was "contrary to any equitable principle that a man should be required by law to support a child not his own." Additionally, the trial court stated that it appears that the law now allows a trial court to grant relief from child support payments, "if paternity is not actually litigated, the child was not born during the marriage, and there is proof of non-paternity." The trial court then terminated Fuller's support obligation, declared that Fuller was not in contempt, and set aside any contrary orders. The State's post-judgment motion was denied. Hence, this appeal.
The record on appeal only encompasses proceedings from the January 1992, intervention through the appealed order of June 1992. The underlying judgment establishing paternity is not present in the record for review on appeal.
A trial court's decision regarding a Rule 60(b)(6), A.R.Civ.P., motion will only be disturbed "where it is determined 'that there is an absence of reasonable cause, that rights of others subsequently arising would be adversely affected, or that it is unjust.' " Textron, Inc. v. Whitfield,380 So.2d 259, 260 (Ala. 1979). (Citations omitted.) An appeal from an order denying a Rule 60(b) motion presents for review only the correctness of that order. Coosa Marble Co. v.Whetstone, 294 Ala. 408, 318 So.2d 271 (1975). Neither the correctness of the underlying judgments nor the merits may be examined. Douglass v. Capital City Church of the Nazarene,443 So.2d 917 (Ala. 1983).
Fuller's Rule 60(b)(6), motion requested relief from that provision of the divorce judgment ordering him to pay child support, the order precluding him from raising the issue of paternity, and the order granting the State's motion to intervene. Fuller asserts that the court-ordered blood test confirmed that he was not the child's biological father. The State argues that Fuller was barred from challenging paternity based upon the doctrine of res judicata.
Initially we must determine whether the motion for Rule 60(b)(6) relief was *Page 335 
properly filed. Rule 60(b), A.R.Civ.P., provides as follows:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) . . . or, (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken. . . . This rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three years after the entry of the judgment . . . to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court."
Motions pursuant to Rule 60(b)(6), "are reserved for extraordinary circumstances, and are available only in cases of extreme hardship or injustice." City of Birmingham v. City ofFairfield, 396 So.2d 692, 695 (Ala. 1981). Relief pursuant to subsection (6) may be proper when a case involves sufficient aggravating circumstances. Giles v. Giles, 404 So.2d 649
(Ala. 1981). Further, clause (6) and the first five clauses are mutually exclusive, so that if relief could have been obtained pursuant to any of the first five clauses, it cannot be obtained under (6). Smith v. Clark, 468 So.2d 138 (Ala. 1985).
In the instant case, Fuller's motion was filed almost four years after the divorce judgment. Clearly, Fuller is time-barred from challenging that judgment pursuant to any provision of Rule 60(b). Even if the trial court had treated Fuller's motion as an independent action, his filing exceeded the "reasonable time" permitted.
Fuller argued at trial that his Rule 60(b)(6) motion was not barred by res judicata because there was no prior adjudication of paternity. The State, however, argues that paternity was adjudicated in the divorce judgment, and that res judicata applies, precluding Fuller from bastardizing the child. The parties agree that, pursuant to the divorce judgment, Fuller was ordered to pay child support for the minor child.
Paternity cases espousing the doctrine of res judicata can be divided into three subclasses.
 "The first subclass is comprised of those cases in which paternity is decided within the parameters of a divorce action. In those cases the doctrine of res judicata is supported by the presumption that a child born of a marriage is the progeny of that marriage. The public policy behind such decisions is the protection of the family unit. . . . The second subclass is comprised of cases that do not involve a marital relationship. . . . The third subclass is comprised of those cases in which we have made exceptions to the general rule."
K.W. v. State ex rel. S.G., 581 So.2d 855, 856
(Ala.Civ.App. 1991). (Citations omitted.)
A divorce judgment designating a child as the child "of the parties" is a paternity determination precluding the parties from disputing the child's paternity in the future. D.D. v.C.L.D., 600 So.2d 265 (Ala.Civ.App. 1991). Further, "a paternity adjudication in a divorce action, which is necessary for purposes of support and inheritance, is res judicata to the parties in the divorce action, but not binding on the child unless the child is a party." D.D., supra. (Citations omitted.) Once paternity has been adjudicated, the doctrine of res judicata bars the parties from disputing the child's paternity in subsequent proceedings. Ex parte State ex rel. Harrell,588 So.2d 868 (Ala. 1991).
Fuller also argues that no presumption of paternity existed at the divorce proceedings because the child was born prior to their marriage. Ala. Code 1975, § 26-17-5, however, provides:
 "(a) A man is presumed to be the natural father of a child if:
". . . .
 "(3) After the child's birth, he and the child's natural mother have married, or attempted to marry, each other by a marriage solemnized in apparent compliance with the law . . . and *Page 336 
 "a. He has acknowledged his paternity of the child in writing, such writing being filed with the appropriate court or the Bureau of Vital Statistics; or
". . . .
 "c. He is otherwise obligated to support the child either under a written voluntary promise or by court order. . . ."
Undoubtedly, a presumption of paternity did exist when the parties in the instant case divorced. Fuller apparently failed to challenge the issue of biological paternity at the time of the divorce, choosing instead to accept legal responsibility for the child.
In Collier v. State ex rel. Kirk, 454 So.2d 1020
(Ala.Civ.App. 1984), during divorce proceedings the husband alleged that there were no children born to the marriage. The divorce agreement entered into by the parties, however, referred to a "child of the marriage," and we affirmed the trial court's later holding that the issue of paternity was res judicata.Collier, supra.
Timeliness and the doctrine of res judicata were examined in relation to Rule 60(b)(6) in Spindlow v. Spindlow,512 So.2d 918 (Ala.Civ.App. 1987). The husband in Spindlow attempted, via a Rule 60(b)(6) motion, to have set aside an adjudication of paternity contained in the divorce judgment. Although the trial court deemed the husband's motion to be a timely independent action, res judicata precluded the husband from subsequently disputing the prior adjudication of paternity.Spindlow, supra.
The State also argues that Fuller had ample opportunity to appeal the final divorce judgment and the trial court's order denying his request for relief from the adjudication of paternity. It appears that Fuller chose to attack previous court orders only after the State's intervention attempting to collect past due child support.
A party may appeal the denial of a Rule 60(b) motion but may not use the rule for relief from one's failure to exercise the right of appeal. McLeod v. McLeod, 473 So.2d 1097
(Ala.Civ.App. 1985). The law is clear that Rule 60(b)(6) is not for the purpose of relieving one from free, calculated, and deliberate choices. Moulder v. Moran, 578 So.2d 1367 (Ala.Civ.App. 1991).
Cases with facts similar to the instant case seem to be coming before the trial courts more frequently. Some exceptions to the doctrine of res judicata as it pertains to paternity are being made on a case-by-case basis. See Ex parte ex rel.McKinney, 567 So.2d 366 (Ala.Civ.App. 1990). The instant case, like Harrell, supra, invites strict application of the doctrine of res judicata. Clearly, the same parties and the same subject matter received a judgment on the merits by a court of competent jurisdiction. In Harrell, supra, our Supreme Court held that the adjudicated father "was not entitled to challenge the child's paternity for purposes of child support." Harrell
at 869 (emphasis added).
Likewise, this court in State ex rel. G.J. v. W.J.,622 So.2d 353 (Ala.Civ.App. 1992), stated:
 "W.J. has made deliberate choices on several occasions throughout the years of this child's life to acknowledge and accept some degree of legal paternal responsibilities. During those years, both the child and the mother have relied on the paternity adjudication and W.J.'s willful choice to be identified as the child's legal father. To allow an informed adult to deliberately choose to come in and out of a child's life, at will, lies beyond the scope and purpose of the relief contemplated by the extraordinary circumstances provision of Rule 60(b)(6), A.R.Civ.P."
G.J. at 353. (Emphasis added.)
In granting Fuller's requested relief in the instant case, the trial court recognized the unfairness of requiring a man to support "a child not his own." It seems equally unfair that a mother and child's reliance on a man's deliberate choice to be a child's legal father can be cast aside when that legal father decides he no longer wants to accept legal responsibility for the child. The applicability of the doctrine of res judicata bars the legal father here from challenging paternity for purposes of child support. Furthermore, our careful and thorough examination of the record discloses nothing to *Page 337 
indicate that this man, who willfully chose to be the child's legal father, is now entitled to extraordinary relief via Rule 60(b)(6) to escape the consequence of his prior deliberate choice.
Noteworthy in the trial court's June 1992 order is the provision terminating Fuller's duty to pay child support and holding that "no arrearage is due." It is well established in Alabama that "child support payments become final judgments on the date they are due and once they have matured they are immune from change." Logue v. Jordan, 598 So.2d 997, 998
(Ala.Civ.App. 1992). One may, however, defend an action for their collection by showing payment or discharge. Binns v. Maddox,57 Ala. App. 230, 327 So.2d 726 (Ala.Civ.App. 1976). The trial court committed reversible error by setting aside the child support arrearage. The State and Fuller should be afforded an opportunity to present evidence regarding the existence and amount of the arrearage.
Based upon the foregoing, Fuller is precluded from challenging the child's paternity for the purpose of child support. Therefore, the judgment of the trial court is reversed and the cause is remanded for entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result only.