THIGPEN, Judge.
In February 1985, Theresa Yeager Camper Tuz and Barry Claude Camper were divorced in Texas. The divorce judgment found the parties to be the parents of two minor children born in 1977 and 1978, granted custody of those children to the mother, and ordered the father to pay child support. In 1988, the Texas court, inter alia, modified the father’s obligation.
In 1993, the State of Alabama ex rel. Theresa Camper filed a complaint for child support in Baldwin County, Alabama, where the mother and children now reside. The father filed a motion for a blood test, alleging that he had been informed that he was not the biological father of one or possibly both of the children. Ultimately, blood testing was ordered, and the parties entered into a stipulation concerning the blood tests, and, inter alia, consented to the admissibility of evidence concerning the tests. Thereafter, the State moved to suppress the test results, asserting that the Texas judgment adjudicated the paternity of the children and arguing that the father was not entitled to challenge paternity for the purpose of child support where paternity has been established. The State further sought an order of support giving full faith and credit to the Texas judgment.
The father filed a response acknowledging that an adjudication of paternity is normally res judicata; however, he argued that Rule 60(b)(6), A.R.Civ.P., allows a paternity judgment to be set aside in exceptional circumstances and that the trial court had the right to modify the Texas judgment. He further alleged that blood testing had not been performed before the Texas divorce and alleged that the blood testing in Alabama excluded him as the father of one of the children. The record does not disclose the results of any *78 blood tests. Following oral argument, the trial court granted the State’s motion to suppress, determined an arrearage, and ordered support accordingly. Following the trial court’s denial of the father’s timely post-judgment motion, he appeals.
On appeal, the father asserts that the trial court erred in granting the motion to suppress, in view of the stipulation of the parties, and that the doctrine of res judicata did not bar him from seeking a determination in Alabama regarding paternity.
In this case, paternity was established by the 1985 Texas divorce judgment. That judgment stated that “The Court finds that the parties are the parents of the following children now under 18 years of age” and identified the two children. Because this prior judgment establishes paternity, we hold that the father is barred by the doctrine of res judicata from challenging the paternity of either of the children for purposes of child support.
The doctrine of res judicata as applied to paternity actions is well established. Ex parte State ex rel. Harrell, 588 So.2d 868 (Ala.1991). Once a judicial determination of paternity has been made, the parties are ordinarily precluded from disputing that determination in a subsequent proceeding. Harrell, supra.
Because paternity was established in the 1985 divorce judgment, the father is now barred from challenging that determination for purposes of child support. State ex rel. Fuller v. Fuller, 623 So.2d 332 (Ala.Civ.App.1993). The subsequent order for blood test ing was, therefore, error. State ex rel. C.B. v. L.L.Z., 594 So.2d 160 (Ala.Civ.App.1992).
In rare instances, this court has allowed a challenge to a paternity determination through the use of a Rule 60(b), A.R.Civ. P., motion; however, the father’s motion in this case was not a Rule 60(b) motion. See, e.g., Ex parte State ex rel. G.M.F., 623 So.2d 722 (Ala.1993), Harrell, supra, and Coburn v. Coburn, 474 So.2d 728 (Ala.Civ.App.1985). The only ground stated by the father in his motion was that he “has been informed that he is not the biological father of one of the minor children or possibly both.” There is no evidence to indicate that the father is entitled to any extraordinary relief; accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.